ZHENG REN·CHEN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–3401–ag.

United States Court of Appeals,
Second Circuit.

June 30, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Christian R. Larsen, Assistant United States Attorney, Milwaukee, WI, for Respondent.

PRESENT: JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zheng Ren Chen, through counsel, petitions for review of the June 2005 BIA order affirming Immigration Judge ("IJ") Miriam K. Mills' decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews an IJ's decision when the BIA affirms the decision of the IJ without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled

to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Here, substantial evidence does not support the IJ's adverse credibility determination. The IJ incorrectly observed that Chen failed to produce any document showing that there was an outstanding 5,000 yuan fine imposed by the government for his wife's violation of the birth control policy, because the record reveals that Chen submitted a fine notice indicating that he and his wife violated the policy through an extra birth and still owed 5,000 yuan. Additionally, the IJ erred in finding that Chen did not provide reliable evidence that he has two children. While the IJ accurately observed that Chen did not authenticate the children's notarial birth certificates in accordance with 8 C.F.R. § 287.6, authentication pursuant to the regulation "is not the exclusive means of authenticating records" before an IJ. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005). Chen's lack of authentication should have gone only to the weight of the evidence. Moreover, the IJ failed to acknowledge the photographs Chen submitted of himself with his wife and two children. In light of these flaws in the IJ's finding with respect to the evidence pertaining to Chen's children, it was unreasonable for the IJ to expect Chen to provide school reports, immunization records, or tuition receipts for his children.

Further, the IJ improperly faulted Chen for failing to explain why his sterilization document was not "more contemporaneously issued" with the alleged forced operation in 1998, when the sterilization certificate indicates that the certificate *was* issued *on the same date* as the alleged forced sterilization.

■ In addition, to the extent that the IJ failed to consider whether Chen could claim asylum based on his wife's alleged forced sterilization, this failure was based on a misapprehension of the record. The IJ appeared to rule out past persecution based on the wife's sterilization because Chen did not "express[ ] any outrage that his wife was sterilized," and did not initially testify that her sterilization was the reason he left China. However, when the IJ asked Chen *at the outset* of the hearing why he left China in 2001, he stated that his wife was sterilized by the Chinese government. Chen later testified that "because she was sterilized [he] hated China very much," and indicated that he considered the experience to be "very painful" to him. Towards the end of the hearing, the IJ accused Chen's counsel of mischaracterizing the IJ's exchange with Chen, refusing to believe counsel that Chen had actually promptly testified about his wife's sterilization. Despite the IJ's insistence that Chen's counsel "got it wrong," the record clearly reveals that, in fact, counsel's account of the testimony was accurate.

Furthermore, to the extent that the IJ heard Chen's comments about "hating" China, but declined to consider them for lack of an appropriate level of emotion, the IJ failed to offer a cogent reason as to why Chen would be expected to exhibit "outrage" in court regarding his wife's sterilization. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *cf. Korytnyuk v. Ashcroft*, 396 F.3d 272, 292 (3d Cir.2005) (finding fault with the IJ's conclusion because it was based on his "unsubstantiated, personal view"); *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1054 (9th Cir.2005) (emphasizing that "the [immigration judge's] assessment of Petitioner's credibility was skewed by pre-judgment, personal speculation, bias, and conjecture").

■ While the record supports the IJ's finding that it was implausible that Chen's wife would go to a government hospital to obtain proof of her sterilization, because Chen indicated she was so fearful of being further penalized that she remained in hiding and rarely went outside, and that it was implausible that the government was not able to locate his wife at the address where she is staying, because the address is listed on her identification card, these issues are ancillary to Chen's claim that his wife was forcibly sterilized. *See Secaida–Rosales*, 331 F.3d at 308.

In light of the flaws in the IJ's decision, we remand this case, because it cannot be "confidently predicted" that the IJ would reach the same result upon remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

■ We note, however, that substantial evidence supports the IJ's finding that Chen failed to establish a well-founded fear or clear probability that he would be persecuted or tortured for his violation of China's exit laws. The IJ accurately pointed out that Chen failed to present evidence that he would be jailed for any such criminal violations, and the State Department Country Report states that only those persons who illegally departed and returned twice are subjected to administrative punishment.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision.